# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DANIEL CLARK, | ) | 1:08cv01300 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | REGARDING APPLICATION FOR FEES |
| v. | ) | |
| | ) | (Document 27) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Petitioner Robert Ishikawa ("Counsel"), attorney for Plaintiff Daniel Clark, filed the instant application for fees on January 11, 2011. Counsel requests fees in the amount of $10,010.00 pursuant to 42 U.S.C. § 406(b)(1).

Defendant filed a response to Counsel's request on January 25, 2011. Defendant explains that he was not a party to the contingent fee agreement between Counsel and Plaintiff and therefore is not in a position to either assent or object to Counsel's request for 406(b) fees. Nevertheless, Defendant, in his role "resembling that of a trustee" for Plaintiff, presents his analysis of the fee request to the Court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n. 6 (2002).

## BACKGROUND

Plaintiff filed his Social Security Complaint on September 2, 2008. On September 3, 2009, pursuant to the stipulation of the parties, the Court remanded the action for further

1  proceedings. On October 27, 2009, the parties stipulated to the payment of attorney's fees
2  pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $4,500.00.
3        On August 1, 2010, the Administrate Law Judge issued a fully favorable decision finding
4  Plaintiff disabled as of October 6, 2006. Exhibit A, attached to Application. Plaintiff was
5  awarded a total of $40,040.00 in past-due benefits. Of this amount, the Commissioner withheld
6  25 percent of the past-due benefit award, or $10,010.00 for attorney fees. Exhibit A, attached to
7  Application.
8        By this motion, Counsel seeks an award of $10,010.00 for 38 hours of attorney time.
9  After crediting $4,500.00 received previously pursuant to the EAJA, Counsel requests a net fee
10  of $5,510.00 from the past-due award.

## **DISCUSSION**

12  42 U.S.C. § 406(b)(1)(A) provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . .

16        In *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002), the Supreme Court explained that a
17  district court reviews a petition for section 406(b) fees "as an independent check" to assure that
18  contingency fee agreements between claimants and their attorneys will "yield reasonable results
19  in particular cases." The Court must respect "the primacy of lawful attorney-client fee
20  agreements," *id.* at 793, "looking first to the contingent-fee agreement, then testing it for
21  reasonableness." *Id.* at 808; *see also Crawford v. Astrue*, 586 F.3d 1142 (9th Cir. 2009).
22  Agreements are not enforceable to the extent that they provide for fees exceeding 25 percent of
23  the past-due benefits. *Gisbrecht*, 535 U.S. at 807. "Within the 25 percent boundary. . . the
24  attorney for the successful claimant must show that the fee sought is reasonable for the services
25  rendered." *Id*.
26        In determining the reasonableness of an award, the district court should consider the
27  character of the representation and the results achieved. *Id. at 808.* Ultimately, an award of

section 406(b) fees is offset by an award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796.

In *Crawford v. Astrue*, the Ninth Circuit recently suggested factors that a district court should examine under *Gisbrecht* in determining whether the fee was reasonable. In determining whether counsel met their burden to demonstrate that their requested fees were reasonable, the Court noted that (1) no reduction in fees due to substandard performance was warranted, and the evidence suggested that counsels' performance was nothing other than excellent; (2) no reduction in fees for dilatory conduct was warranted, as the attorneys in these cases caused no excessive delay which resulted in an undue accumulation of past-due benefits; and (3) the requested fees, which were significantly lower than the fees bargained for in the contingent-fee agreements, were not excessively large in relation to the benefits achieved and when taking into consideration the risk assumed in these cases. *Crawford,* 586 F.3d at 1151-1152.

Here, there is no indication that a reduction of fees is warranted for substandard performance. Counsel is an experienced, competent attorney who secured a successful result for Plaintiff. There is no indication that Counsel engaged in any dilatory conduct resulting in excessive delay. Finally, Counsel requests the 25 percent contingent-fee that Plaintiff agreed to at the outset of the representation. Exhibit C, attached to Application. The $10,010.00 fee ($5,510.00 net fee after subtracting the previously awarded EAJA fee) is not excessively large in relation to the past-due award of $40,040.00. In making this determination, the Court recognizes the contingent nature of this case and Counsel's assumption of the risk of going uncompensated. *Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003).

The Court further finds that the requested fees are reasonable when compared to the amount of work Counsel performed before this Court. The Administrative Record was over 700 pages and included a rehearing after an Appeals Council remand. Counsel prepared and filed a 14-page Opening Brief prior to securing a stipulated remand. Counsel submitted a detailed billing statement that supports his request. Exhibit B, attached to Application.

**RECOMMENDATION**

Based on the foregoing, the Court finds that the Application should be GRANTED and recommends a 406(b) award in the amount of $10,010.00.  This amount should be payable directly to Counsel.  Upon payment, Counsel is directed to refund $4,500.00 to Plaintiff.

These Findings and Recommendation will be submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fourteen (14) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within seven (7) days after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**     **February 10, 2011**              /s/ Dennis L. Beck
                                                   UNITED STATES MAGISTRATE JUDGE